Richard B. Mazer SBN: 49632
Law Office of Richard B. Mazer
99 Divisadero St.
San Francisco, CA 94117
Tel: 415.621.4100
richardbmazer@gmail.com

Counsel for Defendant
Marcelino Reyna-Ceron

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: CR-15-00579-SI |
| Plaintiff, | ) MARCELINO REYNA-CERON EMERGENCY<br>) MOTION FOR COMPASSIONATE RELEASE |
| v. | ) Date: TBD<br>) Time: TBD |
| MARCELINO REYNA-CERON | ) Courtroom:Courtroom of the Honorable Susan Illston<br>) |
| Defendant. | )<br>)<br>)<br>) |

TO: THE UNITED STATES OF AMERICA, PLAINTIFF AND TO FRANK RIBELI; COUNSEL

FOR PLAINTIFF:

PLEASE TAKE NOTICE, that Defendant Marcelino Reyna-Ceron, by and through his counsel of

record, Richard B. Mazer, hereby moves the Court to release him from the sentence he is serving at

Terminal Island Federal Prison on the grounds he has contracted the Coronavirus and the prison has not

taken any steps to quarantine him or any other steps to assure he does not contaminate other inmates. In

addition, the Warden has refused to provide Marcelino Reyna-Ceron with his medical records up to and

including the date this motion is filed. This motion is based upon the instant Notice, the Declaration of

Richard B. Mazer, the attached Memorandum of Points and Authorities and upon such evidence and argument as may be adduced at the hearing.

This Motion is filed as an Emergency Motion because of the very real threat to Mr. Marcelino Reyna-Ceron's health if he remains in Terminal Island. Defendant also is moving for an order shortening time for the Government to respond from 14 days to 7 days and requesting the Court put the case on it's calendar as soon as possible.

DECLARATION OF RICHARD B. MAZER IN SUPPORT OF EMERGENCY MOTION FOR COMPASSIONATE RELEASE:

1) I am counsel of record for Defendant Marcelino Reyna-Ceron.

2) On or about April 26, 2020, Mr. Reyna-Ceron wrote his daughter, Elizabeth Reyna, a letter informing her he had contracted the virus but was not being treated for it. A copy of the letter is attached as Exhibit 'A'. A copy of his daughter's translation from Spanish to English is attached as Exhibit 'A1'.

3) Mr. Reyna-Ceron is serving a 127 month sentence imposed by this Court on July 18, 2018 for Conspiracy to Distribute and Possess With intent to Distribute Heroin and Methamphetamine in Count 1 and Conspiracy to Launder Drug proceeds, count 16. The sentences are to be served concurrently. A copy of the Judgment and Sentence is attached as Exhibit 'B'. As of the filing of this motion, Mr. Reyna-Ceron has served approximately 55 months of his sentence.

4) There is overwhelming evidence that inmates in Terminal Island are being deprived their Constitutional rights by the institution's adamant refusal to provide the care required during the pandemic. On May 5, 2020, a class action lawsuit was filed in The United States District Court, Central District of California, Western Division entitled <u>Lance Aaron Wilson</u>, et al versus <u>Felicia L. Ponce</u>, et al, Case 2:20-CV-04451, a Class Action lawsuit for Declaratory and Injunctive Release and Petition for Writ of Habeas Corpus, Immediate relief requested. The lawsuit contains a litany of the errors and omissions occurring at Terminal Island since the virus entered the prison. For example, an article in the Daily Breeze on May 9, 2020 said nearly 70% of Terminal Island inmates test positive for Coronavirus as 7th inmate dies. P. 2, for 1. Ironically, Terminal Island is a low security correctional institution that is supposed to specialize in housing prisoners who need long term medical health care. P5:14-20, p6:1-4). A week before the case was filed Terminal Island was the site of the largest Covid-19 outbreak in a BOP facility, reporting over 700 positive cases, 693 prisoners and 15 staff as of May 11, 2020 P. 6:5-13.

5) Elizabeth Reyna is the daughter of Marcelino Reyna-Ceron. On or about May 10, 2020, she informed undersigned counsel that Felicia L. Ponce, the Warden of Terminal Island Correctional Institution, has ignored the requests for a compassionate release Mr. Reyna-Ceron submitted to her. It has been approximately one month since he submitted an application and has not heard back from the Warden. In addition, Mr. Reyna-Ceron submitted an additional application approximately two weeks ago, also yielding no results.

6) On or about May 31, 2020 Elizabeth Reyna wrote undersigned counsel saying her father just informed her that Warden Ponce and/or Case manager Warren Douset are not allowing copies of the applications made by inmates to be mailed out. In addition, Mr. Reyna-Ceron said Warden Ponce stated she is not releasing anyone if it doesn't come from a Judge and that if it was up to her, she wouldn't release anyone.

7) Elizabeth Reyna has called her father's Case manager to follow up on the requests her father had submitted, but has received no response to date. His case manager, Warren Douset and can be reached at 310-831-8961 ext 408. Ms. Reyna-Ceron called Mr. Douset on May 25, May 27, May 30 and May 31, 2020. To date Mr. Douset has not returned her calls.

8) Significantly, on April 16, 2020, undersigned counsel faxed a records request to Terminal Island Correctional Institution. A copy of the letter is attached as Exhibit C. To date we have received no response.

9) On May 14, 2020 United States Representative Nannette Diaz Barragan, wrote Mr. Reyna that her office has not received a more recent update from the Bureau of Prisons regarding Defendant Marcelino Reyna-Ceron. Earlier in the week Congress member Barragan went on an oversight visit of Terminal Island and reiterated her request for the prison to expeditiously evaluate every inmate for home confinement and release eligible inmates as quickly as possible. She also requested the Bureau of Prisons to provide adequate personal protective equipment to all inmates and implement measures that would provide social distancing between inmates, to allow inmates to access telephones, video chat and other electronic methods of communication to be able to communicate with their loved ones. See Exhibit D.

10) On May 19, 2020, Mr. Reyna Ceron wrote undersigned counsel. His letter is attached as Exhibit E. In short, Mr. Reyna-Ceron said he is in dire medical condition. He contracted Valley Fever while serving his sentence and currently suffering from four major health issues: Diabetes, Valley Fever, high blood pressure and COVID-19.

11) If released, Mr. Reyna-Ceron would live with his daughter Elizabeth Reyna, her sister, her

two brothers and his wife at 392 Lincoln court Manteca ca 95336. Everyone is over 21 years of age and will support their father as well as pay the cost of his medical treatment.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR RELEASE

A Defendant is entitled to be released if he has been diagnosed with a terminal, incurable disease and whose life expectancy is 18 months or less. 18 USC Section 3582(d) (1). The Bureau of Prisons' consideration of an application, should include an assessment of any other serious medical history of the applicant. Mr. Reyna-Ceron contracted Valley Fever while he was serving his sentence at TAFT Correctional Institution. It should be noted that while he was at Taft, he was transferred to the hospital as an emergency due to lack of medical attention. He was in the hospital for approximately two months while he received chemotherapy treatment and nearly died. Marcelino Reyna-Ceron has an extraordinarily serious medical condition. There is no evidence that if released to the custody of his daughter Elizabeth Reyna he would pose a danger to any person in the community. He was convicted of a non-violent crime and has served his sentence without incident.

The virus has affected his immune system making him exquisitely vulnerable to other diseases. Since transferred to Terminal Island, Mr. Reyna-Ceron now has four major health issues to contend with: Diabetes, Valley Fever, high blood pressure and COVID-19. Mr. Reyna-Ceron will agree to all reasonable conditions of release such as: home detention, wearing an ankle monitor and regular contact with a person designated by the Court.

It is clear that when the Court sentenced Mr. Reyna-Ceron on July 18, 2018 it could not foresee the effects of the Covid-19 virus and that the presence of the virus constitutes an unforeseen change in Mr. Reyna-Ceron's case which should cause the Court to reconsider the initial sentence.

Undersigned counsel declares that the above information is true and correct of my own knowledge except where it is based on information and belief and as to those statements I believe them to be true and correct.

## MOTION FOR ORDER SHORTENING TIME

Defendant Marcelino Reyna-Ceron, by and through undersigned counsel, respectfully moves the Court for an order shortening the time in which the instant Emergency Motion is filed and served on the

Government to respond from 14 days to 7 days, or whatever date the Court deems just and proper. This motion is made on the grounds that Mr. Reyna Ceron has contracted the COVID-19 virus and that the Warden of Terminal Island Correctional Institution has done nothing to protect Mr. Reyna-Ceron or other inmates who he may affect or who may further infect him, despite repeated requests by Mr. Reyna-Ceron and undersigned counsel. As seen Mr. Reyna-Ceron is in very poor medical condition. Thus, undersigned counsel asks the Court to put the case on it's calendar as soon as possible.

CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests the Court grant Mr. Reyna-Ceron's motion and that he be released forthwith to the custody of his daughter Elizabeth Reyna.


DATED: JUNE 04 2020                     Respectfully Submitted,



_____\s_____

Richard B. Mazer
Counsel for Defendant Reyna-Ceron

# EXHIBIT A

9-26-20

MISA ESToi bIEN NOMAS MUI CANSADo i NO
PUEdo AbLAY MUCHO PORKE NO PUEdo RESPIR
PeRAN MISMO ya yo TENIA MAS DE UNA
SEMANA EN FERMO PERO NO ME ASIAN NADA
ASTAKE EMPESE bien bLARME de FIEbYE i se
ASi ME TRABIETON AL HOSPITAL i PUE AKIE
i LO MALO MI 8A KE NO ME ESTAN DANDO
MEDESINA PARA EL biñOS KE PORKE N
MIJA YA EStoi MUI CANSADO ME dUELE MU
PECHO i TENGO KE RESPIRAR ALPASiTO PO
ME AOGO i ME AGARA LA TOSEdERA
MIJA CUIDENSE dEL biños EStO ES MUi
PELiGROSO MISA AKi ES UN DESASTRE LA
JENTE CAIN COMO POLIOS JUMIGAVOS ES V
TIMA TODO EStO EStAMOS CASi TODOS IN
MIJA TU ECHALE GANAS CON EL AbOGADO
AKi Ai GENTE KE LA EStAN DEGANDO iR
CASA POR ORDEN DEL JUEZ
DiLE A MAMA KE LA KiERO MUCHO
i DiLE KE CUidE DE LAS CHIKIYAS
UStEdES ESCRIVANME yo NO PUEdO MUCHO
ME CANSO MUCHO

EXHIBIT A1

 Gmail

Richard Mazer <richardbmazer@gmail.com>

## Marcelino Reyna letter
1 message

**Elizabeth Reyna** <reynaelizabeth14@yahoo.com>
To: Richard Mazer <richardbmazer@gmail.com>

Thu, May 7, 2020 at 11:24 AM

Translation of the letter

My daughter, I'm very well, I'm very tired and I can't speak much because I can't breathe on my own. I was sick for more than a week, but they didn't do anything to me until I started to shake with fever, and that's the only way they brought me to the hospital, and here I am and The bad thing, my daughter, they are not giving me medicine for the virus. Because there is no medicine , daughter, I am very tired, my chest hurts a lot and I have to breathe slowly because if I do not I suffocate and I start coughing a lot. beware of the virus this is very dangerous. here it is a disaster people fall like fumigated chickens. it is a shame all this,  we are almost all infected. You my daughter work hard with the lawyer , here there are people who are letting go to the house by order of the judge tell mom that I love her very much and tell her to take care of the girls you write to me I can't because I get tired a lot

🗎 **2020-05-07_111546.pdf**
5577K

# EXHIBIT B

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Marcelino Reyna Rodriguez | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>) USDC Case Number: CR-15-00579-019 VC<br>) BOP Case Number: DCAN315CR00579-019<br>) USM Number: 23614-111<br>) Defendant's Attorney: Richard Mazer (Appointed) |

**THE DEFENDANT:**

☑ pleaded guilty to count(s): <u>Count 16 of the Superseding Indictment</u>

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Launder Drug Proceeds | December 10, 2015 | 16 |
| | | | |
| | | | |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☐ Count(s) dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/17/2018
Date of Imposition of Judgment

Signature of Judge
The Honorable Vince Chhabria
United States District Judge
Name & Title of Judge

7/18/2018
Date

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

DEFENDANT: Marcelino Reyna Rodriguez
CASE NUMBER: CR-15-00579-019 VC

Judgment - Page 2 of 6

## PROBATION

The defendant is hereby sentenced to probation for a term of: 5 years

The appearance bond is hereby exonerated. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

## MANDATORY CONDITIONS OF SUPERVISION

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance.
3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4) ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7) ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8) You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9) If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10) You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

DEFENDANT: Marcelino Reyna Rodriguez                                     Judgment - Page 3 of 6
CASE NUMBER: CR-15-00579-019 VC

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____        _____
          Defendant                                                                           Date

     _____        _____
          U.S. Probation Officer/Designated Witness                          Date

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

DEFENDANT: Marcelino Reyna Rodriguez
CASE NUMBER: CR-15-00579-019 VC

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall participate in vocational training as directed by the Probation Officer.

2. You shall not maintain a position of fiduciary capacity without the prior permission of the probation officer.

3. You shall pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of probation.

4. You shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

6. You shall not have contact with any codefendant in this case, without prior approval from the probation officer, namely Remigio Madrigal Solorio, Santiago Rubio Chavez, Rodolfo Rivera-Herrera, Robert Erickson, Raymundo Doval Duran, Cristino Vargas Mondragon, Brigido Rangel, Angel Gudino-Urbina, Julio Cesar Barbosa Gutierrez, William Anderson, Jaime Sandoval, Valentine Camacho Toledo, and Jose Ricardo Chavez-Yanez.

7. You shall cooperate in the collection of DNA as directed by the probation officer.

8. You shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

9. You shall submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any residents that the premises may be subject to searches.

10. You must participate in the Location Monitoring Program as directed by the probation officer for a period of 12 months, and be monitored by location monitoring technology at the discretion of the probation officer. Location monitoring shall be utilized to verify your compliance with a curfew while on the program. You are restricted to your residence every day at a schedule to be determined by the probation officer. The schedule shall be adjusted to allow your participation in activities including: employment, soccer events, community service, and the transportation of children in the family to and from school. You shall pay all or part of the costs of the program based upon your ability to pay as determined by the probation officer.

11. You shall complete a total of 250 hours of community service at a facility or organization that helps individuals who suffer from drug addiction. You shall complete at least 50 hours of community service each year you are on probation.

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

DEFENDANT: Marcelino Reyna Rodriguez
CASE NUMBER: CR-15-00579-019 VC

Judgment - Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 100 | N/A | Waived | N/A |

☐ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $  0.00 | $  0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the .

    ☐ the interest requirement is waived for the  is modified as follows:

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

DEFENDANT: Marcelino Reyna Rodriguez
CASE NUMBER: CR-15-00579-019 VC

Judgment - Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑  Lump sum payment of _____ $100 _____ due immediately, balance due

        ☐   not later than , or
        ☑   in accordance with    ☐ C,   ☐ D, or   ☐ E, and/or   ☑ F below); or

B   ☐  Payment to begin immediately (may be combined with  ☐ C,   ☐ D, or  ☐ F below); or

C   ☐  Payment in equal (e.g., weekly, monthly, quarterly) installments of _ over a period of (e.g., months or years), to
       commence (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐  Payment in equal (e.g., weekly, monthly, quarterly) installments of _ over a period of (e.g., months or years), to
       commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑  Special instructions regarding the payment of criminal monetary penalties:
       **Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060,**
       **San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.

---

# EXHIBIT C

April 16, 2020

Federal Correctional Institute - Terminal Island
1299 S. Seaside Ave.
San Pedro, CA, 90731

Dear Sir or Madame,

We represent Marcelino Reyna-Ceron. Enclosed is an authorization from him. Please provide us with all information in your possession or under your control, which relates to him.

This is a matter of some urgency as he is ill, so we would appreciate your getting the information to us as soon as possible.

If you need more information please call us at (415) 621-4100 or (415) 860-7715.

Thank you,

Richard B. Mazer

EXHIBIT D

 Gmail                                      **Richard Mazer <richardbmazer@gmail.com>**

## Fw: Congressional Inquiry for Marcelino Reyna Ceron (#22150-111)
1 message

**Elizabeth Reyna** <reynaelizabeth14@yahoo.com>                    Sun, May 31, 2020 at 4:31 PM
To: Richard Mazer <richardbmazer@gmail.com>

I forward you the emails of congressional inquiry from congresswoman Diaz on May 9th the BOP forwarded the inquiry to
the warden for home confinement and they still haven't received a response from the warden

Begin forwarded message:

On Tuesday, May 26, 2020, 11:00 AM, Kearns, Sean <Sean.Kearns@mail.house.gov> wrote:

Good Morning Ms. Reyna,

The Bureau of Prisons (BOP) has not provided an update regarding the inquiry for Marcelino
Reyna Ceron since the last correspondence provided on May 9, 2020. Our office will contact
you as soon as we receive more information from the BOP.

Sincerely,

**Sean Kearns** | Constituent Services Representative

U.S. Representative Nanette Diaz Barragán (CA-44)

302 W 5th Street, Suite 201, San Pedro, CA 90731

Office: 310-831-1799| Fax: 844-273-0996

barragan.house.gov | f ◎ ♥ 🔊

Please direct scheduling requests for the Congresswoman to
BarraganScheduling@mail.house.gov and media requests to
BarraganPress@mail.house.gov.

On Monday, May 18, 2020, 2:58 PM, Kearns, Sean
<Sean.Kearns@mail.house.gov> wrote:

Good Afternoon Ms. Reyna,

There is no need to apologize for contacting me. We appreciate you sharing these details. I am very sorry to hear of what your father is experiencing. I will discuss this information with our staff and look into how it can be addressed immediately.


Sincerely,


**Sean Kearns** | Constituent Services Representative

U.S. Representative Nanette Diaz Barragán (CA-44)

302 W 5th Street, Suite 201, San Pedro, CA 90731

Office: 310-831-1799| Fax: 844-273-0996

barragan.house.gov |  f ☉ 🐦 🖥

Please direct scheduling requests for the Congresswoman to BarraganScheduling@mail.house.gov and media requests to BarraganPress@

On Thursday, May 14, 2020, 2:04 PM, Kearns, Sean <Sean.Kearns@mail.house.gov> wrote:

Hi Ms. Reyna,


Our office has not received a more recent update from the Bureau of Prisons regarding the inquiry for Marcelino Reyna Ceron.


Earlier this week, Congressmember Barragán went on an oversight visit of FCI Terminal Island and reiterated her request for the prison to expeditiously evaluate every inmate for home confinement and release eligible inmates as quickly as possible. She also requested for the Bureau of Prisons to provide adequate personal protective equipment to all inmates, implement measures that would provide social distancing between inmates, and to allow inmates to access telephones, video chat, and other electronic communication to be able to communicate with their loved ones.


As soon as our office receives an update regarding Mr. Reyna, we will contact you immediately.


Sincerely,


**Sean Kearns** | Constituent Services Representative

U.S. Representative Nanette Diaz Barragán (CA-44)

302 W 5th Street, Suite 201, San Pedro, CA 90731

Office: 310-831-1799| Fax: 844-273-0996

barragan.house.gov |  f ☉ 🐦 🖥

Please direct scheduling requests for the Congresswoman to BarraganScheduling@mail.house.gov and media requests to BarraganPress@mail.house.gov.

---

**From:** Elizabeth Reyna <reynaelizabeth14@yahoo.com>
**Sent:** Thursday, May 14, 2020 1:56 PM
**To:** Kearns, Sean <Sean.Kearns@mail.house.gov>
**Subject:** Re: Congressional Inquiry for Marcelino Reyna Ceron (#22150-111)

Hi there Sean is there any update on this ?

> On Saturday, May 9, 2020, 12:38 PM, Kearns, Sean <Sean.Kearns@mail.house.gov> wrote:

Good Afternoon Ms. Reyna,

Our office has received a correspondence from the Bureau of Prisons (BOP) regarding an inquiry on behalf of Marcelino Reyna Ceron.

The BOP has forwarded the inquiry to the Warden's Office where the inmate is confined and asked that staff review the inmate for home confinement. Staff will advise the inmate directly of the review finding. The BOP has also requested that the inmate be granted to access to make a call to his family to update them directly about his wellbeing.

Our office will continue to provide immediate updates as more information becomes available.

Respectfully,

**Sean Kearns** | Constituent Services Representative

U.S. Representative Nanette Díaz Barragán (CA-44)

302 W 5th Street, Suite 201, San Pedro, CA 90731

Exhibit E

05-19-20

Hello Richard, this is Marcelino Reyna and I would like
to start off by wishing you well. First of all, I would like
to thank you for helping my son while he was in court and
for helping my family as well. I really appreciate it. Moving
on to the next topic, being my own case. I would really like
for you to help me fight this current case so that I may
be placed under home detention or receive compassionate
release, either or. Because the truth is that I have been
feeling really ill. Especially after having contracted
the co-vid 19 virus. As you know, after being sentenced
and having been transferred to Taft prison, I initially
contracted the Valley fever. From then on, it has
been a very difficult challenge in terms of my
health because this disease has no cure and lasts a
lifetime. Not to mention that this disease has
weakened my immune system, making me vulnerable
to other diseases. Having been transferred to Terminal
Island, I now have 4 major health issues; diabetes,
Valley fever, high blood pressure, & now CO-VID19.
Now I fear that something bad may happen to
me & that I may never see my family again. Which
is why I ask you once again to fight for my case
so that I can see my family. That's all I
needed to ask of you, and hopefully we'll keep
writing to each other. Thank you and God
bless you.