JULIA M. JAYNE (State Bar No. 202753)
E-Mail: julia@jaynelawgroup.com
ASHLEY RISER (State Bar No. 320538)
JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, Ca 94607
Telephone: (415) 623-3600

Attorneys for Defendant
RAMON MEDINA AGUILAR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-15-579-VC-4 |
| Plaintiff, | REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(1)(A) (COMPASSIONATE RELEASE) |
| v. | |
| RAMON MEDINA AGUILAR, | |
| Defendant. | |

## INTRODUCTION

This reply is submitted in response to the government's opposition to Mr. Medina Aguilar's motion for compassionate release. Dkt. 801 ("Opposition"). Defense counsel submits on the issues and arguments raised in Mr. Medina Aguilar's original motion for compassionate release, Dkt. 797 ("Motion"), as well as the government's proposed release conditions and language. Opposition at 15. However, Mr. Medina Aguilar will address three issues raised in the government's opposition: (1) the post-First Step Act applicability of the United States Sentencing Guidelines' policy statement § 1B1.13; (2) Mr. Medina-Aguilar's release plans if deported; and (3) section 3553(a)'s mandate to impose a sentence "sufficient but not greater than necessary" to satisfy 3553(a)'s sentencing factors.

## ARGUMENT

**I. Section 1B1.13's applicable policy statements have not been updated to account for the First Step Act's creation of a new class of compassionate release motions.**

    **A. There are no applicable policy statements for defendant-initiated compassionate release motions.**

The Ninth Circuit has not addressed the post-First Step Act applicability of USSG § 1B1.13

(*Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(C)(1)(A)* ("Policy Statement")). As the Government notes, courts are divided on this issue. (Opposition at 4) (comparing compassionate release orders in the Northern District of California). That said, the Second, Fourth, Sixth, and Seventh Circuits have held that the First Step Act made § 1B1.13 inapplicable when, as here, a defendant files a motion for compassionate release. *See e.g.*, *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Courts reason that § 1B1.13 is not applicable in this context because "[t]he first sentence of § 1B1.13 predicates the entire policy statement on the ... BOP's filing a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (internal citations and quotations omitted). *Cf. United States v. Fox*, 2019 WL 3046086, at *2 (D. Me. July 11, 2019) (collecting cases).

As the Sixth Circuit observed in *United States v. Elias*, the Second, Fourth, and Seventh circuits, "as well as the majority of district courts," have adopted the position that § 1B1.13 is not an applicable policy statement for motions brought by prisoners. 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1098-11). In recognition of this "newfound consensus among the courts," the *Elias* court joined its sister circuits, holding "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Id*.

> **B.   Because § 1B1.13 is not applicable to compassionate release motions initiated by prisoners, the Government's reliance on *United States v. Dillon* is misplaced.**

When evaluating compassionate release under 18 U.S.C. § 3582(c)(1), "courts must follow a [*United States v.*] *Dillon* [560 U.S. 817 (2010)]-style test." *See, e.g.*, *Jones*, 980 F.3d at 1107. This three-step test requires courts to:

(1)   Find whether extraordinary and compelling reasons warrant a sentence reduction. *Id*. (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

(2)   Find whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. (emphasis added). If the policy statement is still "applicable," courts must "follow the Commission's instructions to determine the prisoner's eligibility for a sentence modification and the extent of the reduction

authorized." *Id*. (quoting *Dillon*, 560 U.S. at 827).

(3) "[C]onsider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d 1108 (quoting *Dillon*, 560 U.S. at 827).

As discussed above, there are no applicable policy statements in defendant-initiated compassionate release motions. Thus, a *Dillon*-style inquiry only requires a finding that extraordinary and compelling reasons exist. If so, courts should then consider § 3553(a)'s factors. *Id*. at 1109.

## II. If deported, Mr. Medina Aguilar's family would move to Mexico and live in their Ameca Jalisco-based home.

If deported to Mexico, Mr. Medina Aguilar would live in the house he shares with his longtime partner, Elizabeth Reyna. The house is located in Ameca Jalisco, Mexico. Further, Ms. Reyna has repeatedly told defense counsel that she would move to Mexico, along with their children, if Mr. Medina Aguilar is deported. *See* Declaration of Ashley Riser ("Riser Decl."). In addition, Ms. Reyna told defense counsel that Mr. Medina-Aguilar, if deported, would work as a farm laborer in the region's robust agave market. *Id*.

## III. Section 3553(a)'s sentencing factors weigh in favor of release.

The Government gives short shift to some of § 3553(a)'s sentencing factors, including the Supreme Court's mandate that the sentence is "sufficient but not greater than necessary" to satisfy the purposes of sentencing. In other words, "the punishment should fit the offender and not merely the crime." *United States v. Pepper*, 562 U.S. 476, 487-88 (2011) (internal quotations and citations omitted). Because "justice generally requires consideration of more than the particular acts by which the crime was committed," *Pennsylvania Sullivan v. Ashe*, 302 U.S. 51, 58 S. Ct. 59 (1937), the *Pepper* Court held that sentencing courts should consider factors beyond the original offense. These include promoting respect for the law. In today's climate, Mr. Medina Aguilar's original sentence cannot do this because COVID-19 changed the analysis.

At sentencing, the Court did not contemplate a deadly pandemic that cost more American lives

REPLY TO OPP. MTN. FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582 (COMPASSIONATE RELEASE)
CASE NO. CR-15-579-VC-4

than World War II.  *See e.g.*, Carrie Feibel, *The U.S. 'Battles' Coronavirus, But Is It Fair To Compare Pandemic To A War?* (Feb. 3, 2021), available at https://www.npr.org/sections/health-shots/2021/02/03/962811921/the-u-s-battles-coronavirus-but-is-it-fair-to-compare-pandemic-to-a-war. In other words, before COVID, Mr. Medina Aguilar's sentence satisfied § 3553(a)'s factors, but now? It can't and it doesn't. If Mr. Medina Aguilar's dies in prison, it will be because of a constructive death sentence. And such a sentence is not an effective means to promote respect for the law.

## CONCLUSION

When Mr. Aguilar Medina was originally sentenced, the Court did not contemplate or consider an unprecedented pandemic that has already stolen 500,000 American lives. This significant change, along with the passage of the First Step Act, should be considered when evaluating his request for compassionate release. Moreover, Mr. Medina Aguilar's release plan, as well as his family's commitment to moving to Mexico with him, alleviates the Government's concerns regarding deportation placement.

Dated: March 15, 2021           /s/
                                ASHLEY RISER
                                Attorney for Defendant RAMON AGUILAR MEDINA